UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SUHAIL ABDU ANAM**, *et al.*,

        Petitioners,

        v.                  Civil Action No. 04-1194 (TFH)

**BARACK H. OBAMA**, *et al.*,

        Respondents.

### MERITS HEARING PROCEDURES ORDER

On August 21, 2009, the Court held a telephonic status hearing regarding discovery and procedural issues concerning Petitioner Musa'ab Al Madhwani's (ISN 839) Merits Hearing. At the status hearing, the Government made an oral motion for an extension of time to comply with the Court's Order of July 23, 2009. Specifically, the Government sought a thirty-day extension of time to complete discovery, as well an extension of time to file Motions for Judgment on the Record. Petitioner opposed the motion. This order serves to memorialize the rulings issued during the hearing, as well as set the procedures to be followed in connection with Petitioner Al Madhwani's Merits Hearing. The parties are hereby **ORDERED** to comply with each of the following items.

    1. **Oral Motion for Extension of Time**. For the reasons set forth during the status hearing, the Court **ORDERS** that the Government's oral motion for an extension of time to comply with the Court's Order of July 23, 2009, is **GRANTED IN PART**.

        a.    <u>Discovery</u>: The Court orders the government to complete discovery pursuant to the Court's Order of July 23, 2009, on or before September 18, 2009. Due to the

fast-approaching Prehearing Conference and Merits Hearing, as well as the numerous Government motions for an extension of time to comply with discovery orders that have been filed in this case, the Court stresses that no more extensions of time to complete discovery will be granted in the case of Petitioner Al Madhwani absent exceptional cause.

    b.    <u>Judgment on the Record</u>.  If a party intends to file a Motion for Judgment on the Record, the Initial Brief must be filed on or before September 8, 2009.  *See* Case Management Order ("CMO"), *In re Guantanamo Bay Litig.*, Misc. No. 08-0442, Dkt. No. 940 (Nov. 6, 2008), amended by Dkt. No. 1315 (Dec. 16, 2008) § III.A. Due to the truncated period between the completion of discovery and the Merits Hearing, Initial Briefs shall not exceed 30 pages, including the statement of material facts.  Response Briefs shall be filed on or before September 18, 2009, and shall not exceed 20 pages, including the factual response.  Reply Briefs may be filed on or before September 25, 2009, and shall not exceed 10 pages.

  2. **Prehearing Statement**.  Each party is ordered to file a Prehearing Statement on or before October 5, 2009.  *Cf.* Local Civil Rule 16.5, Pretrial Statements; CMO § III.B.2.  A party's Prehearing Statement shall include the following:

    a.    <u>Statement of the Case</u>. The statement of the case shall address the factual basis and the legal justification for detention.  The statement shall also include a statement of material facts on which the party intends to rely and identify, with citations to the Exhibit List, all evidence the party expects to elicit in support of those facts.

      b.      <u>Exhibit List</u>.  Each party shall submit a numbered list of exhibits, which shall set forth a description of each exhibit on which the party intends to rely, including the title and date of each exhibit.  The list shall also include a bound and tabbed copy of the exhibits.  The Government's exhibits shall be referred to as GE #__, and Petitioner's as PE #__.[1]  The parties are on notice that any evidence that has not been identified in the Exhibit Lists may be excluded from consideration by the Court.  The two exceptions shall be (1) documents offered solely for the rebuttal of arguments made at the Merits Hearing that could not reasonably have been anticipated prior to October 5, 2009, and (2) exculpatory information, as to which the Government has a continuing obligation to disclose to Petitioner.

      c.      <u>Witness List</u>.  The list of witnesses shall set forth the full names and addresses of all witnesses the party may call, separately identifying those whom the party expects to present and those whom the party may call if the need arises including rebuttal witnesses.  The list shall also set forth a brief description of the testimony to be elicited from the witness; and an estimate of the time the party will take in eliciting such testimony.  *See* Local Civil Rule 16.5(b)(5).[2]

   3. **<u>Joint List of Contested Issues</u>**.  The parties shall confer with respect to the contested issues that they expect to present during the Merits Hearing, and shall submit a Joint List of Contested Issues on or before October 9, 2009.  *See, e.g., Al Odah v. United States*, Civil Action

---

[1] Each party is instructed to file two copies of their Exhibit List with the Court.

[2] For classified or sensitive information regarding potential witnesses, the parties are directed to follow the Protective Order and Section I.F of the Case Management Order.

No. 02-0828 (Dkt. Not. 627) (Aug. 19, 2009).

    4. **Petitioner's Participation**.  Petitioner's counsel shall notify the Court on or before October 9, 2009, as to whether Petitioner (1) wants to testify at the Merits Hearing, (2) wants to listen to unclassified opening statements at the Merits Hearing, or (3) does not want to participate at the Merits Hearing.  *See* CMO § III.B.3.

    5. **Prehearing Conference**. On October 16, 2009, at 10:00 a.m., the parties shall appear in Courtroom 25A for a Prehearing Conference.  *See* CMO § III.B.2.

    6. **Hearsay**.  As noted above, the time between discovery completion and the Merits Hearing has been severely shortened.  The parties now have just over one month to review the material produced pursuant to the Court's discovery order, file and reply to Motions for Judgment on the Record, file Prehearing Statements, and attend the Prehearing Conference, in addition to whatever preparations the parties deem necessary for the Merits Hearing.  Therefore, in an effort to facilitate the prehearing process, the Court will clarify its position on hearsay evidence.  The plurality in *Hamdi v. Rumsfeld* specifically acknowledged that "[h]earsay . . . may need to be accepted as the most reliable evidence from the Government." 542 U.S. 507, 534 (2004).  Accordingly, and in line with the practice of other Merits Judges,[3] the Court anticipates deciding the accuracy, reliability, and weight, if any, of each piece of evidence after considering the evidence as a whole and the arguments presented during the Merits Hearing, including any arguments concerning the reliability of hearsay evidence.

---

[3] *See, e.g.*, *Al Mutari v. United States*, Civil Action No. 02-0828 (Dkt. No. 609) (D.D.C. Aug. 3, 2009) (Kollar-Kotelly, J.); *Awad v. Obama*, Civil Action No. 05-2379 (Dkt. No. 178) (D.D.C. Aug. 19, 2009) (Robertson, J.); *Al-Adahi v. Obama*, Civil Action No. 05-0280 (Dkt. No. 459) (D.D.C. Aug. 21, 2009) (Kessler, J.); *Al-Harbi v. Obama*, Civil Action No. 05-2479 (Dkt. No. 270) (D.D.C. Aug, 26, 2009) (Kennedy, J.).

7. **Guantanamo Review Task Force**.  The Government shall file a Notice on October 14, 2009, indicating whether the Guantanamo Review Task Force or Guantanamo Review Panel has made any decisions related to Petitioner.

8. **Merits Hearing Procedures**.  The Merits Hearing, scheduled for October 26, 2009, at 10:00 a.m. in Courtroom 25A, shall proceed as follows:

   a. Opening Statements.  The parties shall begin with unclassified opening statements, with the Government presenting its unclassified opening statement first.  The parties shall confer by October 16, 2009, to determine whether there are disagreements as to what information may be considered unclassified, and to resolve the same.  If Petitioner chooses to listen to the unclassified opening statements, Petitioner shall be responsible for translators and the Government shall be responsible for all other logistical arrangements.  Following unclassified opening statements, the parties shall present classified opening statements, with the Government presenting their classified opening statement first.

   b. Presentation of Evidence. The Court shall require an issue-by-issue evidentiary presentation.  Accordingly, the Government shall make a presentation on a contested issue relevant to Petitioner's detention.  Petitioner shall then respond to the Government's presentation through a presentation of evidence and argument.  Finally, the Government may respond to Petitioner's presentation in rebuttal.  The parties shall repeat this sequence for each contested issue raised by the Government.  Petitioner shall then be given the opportunity to present a contested issue relevant to his detention that was not argued by the parties in the foregoing

      sequence, followed by a response from the Government, and Petitioner's rebuttal. The parties shall repeat this sequence for each contested issue raised by Petitioner. The Court expects that both parties will use electronic presentation devices to present their documentary evidence to the Court. The parties should contact John Cramer, Officer of Information Technology, to discuss equipment available to the parties.

   c.   <u>Closing Statements</u>. The parties shall present classified closing statements. The Government shall present their closing argument first, followed by Petitioner. The Government shall be allowed to make a rebuttal closing argument.

**SO ORDERED**.

August 28, 2009                                                                 /s/
                                                               Thomas F. Hogan
                                                          United States District Judge