## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SUHAIL ABDU ANAM**, *et al.*,

        **Petitioners,**

        **v.**                           **Civil Action No. 04-1194 (TFH)**

**BARACK H. OBAMA**, *et al.*,

        **Respondents.**

### MEMORANDUM OPINION

This opinion sets forth the scope of the government's detention authority that will govern proceedings for the petitioners in the above-captioned case.  On March 13, 2009, the government submitted a refinement of its position with respect to its authority to detain those persons who are being held at Guantanamo Bay.  *See* Resp'ts' Mem. Regarding the Gov't's Detention Authority ("Resp'ts' Mem.") (Mar. 13, 2009).  The government proposed the following "definitional framework":

> The President has the authority to detain persons that the President determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, and persons who harbored those responsible for those attacks. The President also has the authority to detain persons who were part of, or substantially supported, Taliban or al-Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners, including any person who has committed a belligerent act, or has directly supported hostilities, in aid of such enemy armed forces.

Resp'ts' Mem. at 2.  Petitioners object to the government's framework.  Among other arguments, petitioners assert that the government's detention authority is limited to civilians who become unlawful combatants by reason of their direct participation in hostilities against the United States.  *See* Pet'rs' Mem. in Response to Resp'ts' Mem. at 12 (Mar. 23, 2009).

As articulated by other Merits Judges, "[t]he Court's role here is not to fashion its own framework, but only to determine whether respondents' proposed framework is, as respondents claim, consistent with domestic law and the laws of war."  *Mattan v. Obama*, 618 F. Supp. 2d 24, 26 (D.D.C. 2009) (Lamberth, C.J.); *see also Boumediene v. Bush*, 583 F. Supp. 2d 133, 134 (D.D.C. 2008) (Leon, J.) ("I do not believe . . . that it is the province of the judiciary to *draft* definitions.  It is our limited role to determine whether definitions crafted by either the Executive or the Legislative branch, or both, are consistent with the President's authority under the Authorization for Use of Military Force , Pub.L. No. 107-40 (2001) (the 'AUMF')[.]")  To make this determination, the Court is guided by the analysis and conclusions of Merits Judges who have explored the government's proposed framework in depth.  In particular, the Court recognizes that at least three Merits Judges have adopted the conclusions of Judge Bates's opinion in *Hamlily v. Obama*, 616 F. Supp. 2d 63 (D.D.C. 2009).[1]

In *Hamlily*, Judge Bates declined to adopt the government's framework in its entirety. Judge Bates concluded that the AUMF and laws of war authorize the detention of those who are "part of" the Taliban, al-Qaida, or associated forces.  *Id.* at 69-70.  However, he rejected the concepts of "substantial support" and "directly support[ing] hostilities" as independent bases for detention.  *Id.* at 69.  Neither basis, he explained, is warranted by domestic law or the laws of war.  *Id.*  With respect to the criteria for determining whether a person was "part of" the Taliban, al-Qaida or associated forces, Judge Bates "employ[ed] an approach that is

---

[1]  *See Mattan*, 618 F. Supp. 2d at 26 ("The Court hereby adopts [the *Hamlily*] opinion."); *Awad v. Obama*, 2009 WL 2568212, at *2 (D.D.C. Aug. 12, 2009) (Robertson, J.) ("I have adopted Judge Bates' approach."); *Al Mutairi v. United States*, 2009 WL 2364173, at *4-5 (D.D.C. July 29, 2009) (Kollar-Kotelly, J.) ("[T]he Court shall adopt the reasoning set forth in Judge John D. Bates's decision in *Hamlily v. Obama*.").

more functional than formal, as there are no settled criteria for determining who is a 'part of' an organization such as al Qaeda." *Id.* at 75.  Under this functional test, "evidence tending to demonstrate that a petitioner provided significant 'support' is relevant in assessing whether he was 'part of' a covered organization (through membership or otherwise) or 'committed a belligerent act' (through direct participation in hostilities)." *Id.* at 70.

The Court hereby adopts the *Hamlily* opinion.  Accordingly, the Court concludes that the governing framework in the above-captioned case will be as follows:

> The President has the authority to detain persons that the President determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, and persons who harbored those responsible for those attacks. The President also has the authority to detain persons who were part of Taliban or al-Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners, including any person who has committed a belligerent act in aid of such enemy armed forces.

The Court notes that this precise framework has been adopted by multiple Merits Judges, and is not inconsistent with Judge Walton's opinion in *Gherebi v. Obama*, 2009 WL 1068955 (D.D.C. Apr. 22, 2009), as applied.[2]

September 14, 2009                                    /s/
_____
                                                        Thomas F. Hogan
                                                United States District Judge

---

[2]  The difference between this Court's framework and the framework adopted by Judge Walton is largely one of form rather than substance.  Though accepting the government's framework, Judge Walton expressed his "distaste" for the government's reliance on the term "support."  *Gherebi,* 2009 WL 1068955 at *23.  He clarified that he was adopting the framework, "provided that the terms 'substantially support' and 'part of' are interpreted to encompass only individuals who were members of the enemy organization's armed forces." *Id.* at *24.