IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SUHAIL ABDU ANAM**, *et al.*, | ) ) ) |  |
| Petitioners, | ) ) |  |
| v. | ) ) | Civil Action No. 04-1194 (TFH) |
| **BARACK H. OBAMA**, President of the United States, *et al.*, | ) ) ) ) |  |
| Respondents. | ) ) |  |

**MOTION FOR LEAVE TO AMEND FACTUAL RETURN FOR PETITIONER (ISN 256) TO INCLUDE NEWLY DISCOVERED INCULPATORY EVIDENCE**

Respondents hereby move to amend the previously filed factual return for Petitioner (ISN 256) to include five exhibits recently identified during the course of the Government's search for information under CMO Section I.E.2 pursuant to the Court's classified discovery order dated August 7, 2009.[1] Respondents' motion should be granted because the limited amendments to the factual return are in the interests of justice and in the public interest, and because Petitioner will not be prejudiced thereby.[2]

The United States Department of Defense ("DoD") is detaining Petitioner at Guantanamo Bay. In defending those detentions, Respondents are entitled to present to the Court the most current and appropriate case for the detention of each Petitioner. Moreover, because the Court is not reviewing past decisions of other courts or prior determinations of administrative tribunals, but rather is reviewing prospective challenges to Petitioner's detention, the Court must have a

---

[1] Pursuant to Local Civil Rule 7(m), Respondents' counsel contacted counsel for Petitioner to ascertain his position with respect to this motion. Counsel for Petitioner did not consent to the motion.

[2] Respondents have submitted herewith a classified supplement containing classified versions of the new exhibits that are the subject of this motion.

1

full and complete record to accurately determine the legality of Petitioner's continued detention. The Court, therefore, should defer to the liberal policy of granting requests for leave to amend that is inherent in federal statutory habeas procedure, and permit Respondents to amend the factual return of Petitioner.

## BACKGROUND

The Court's August 7, 2009 Order required Respondents "to produce all reasonably available documents and information relating to petitioner's detention and/or interrogations from January 2002 to June 2002 . . . contained in the consolidated files or the Guantanamo Review Task Force database" and "to produce all reasonably available documents and information, whether cumulative or not, that have not been previously disclosed to Petitioner's counsel, that adduce specific facts" bearing on the credibility of one of the witnesses in this case "contained in the consolidated files or the Guantanamo Review Task Force database." (Dkt. No. 558.) On August 28, 2009, Respondents disclosed to Petitioner's counsel documents identified as responsive to the Court's Order from the consolidated files.[3] Respondents' search of the consolidated files also resulted in the identification of the inculpatory evidence that is the subject of this motion.

## ARGUMENT

In defending the Government's detention of Petitioner, Respondents are entitled to present to the Court the most appropriate case. The Court is not reviewing past decisions of other courts or prior determinations of administrative tribunals, but rather is reviewing

---

3  Respondents have completed searches of the consolidated files and materials provided to the Guantanamo Review Task Force and produced to Petitioner's counsel numerous documents identified as responsive to the Court's August 7 Order. Additionally, a number of responsive documents remain in the clearance process. The Court recently granted Respondents' unopposed motion for an extension of time to comply with the August 7 Order. (Minute Order 09/04/09.)

2

prospective challenges to Petitioner's detention today. Respondents, therefore, should be permitted to amend Petitioner's factual return to include newly discovered inculpatory information so that the Court will have before it the most current and appropriate evidence supporting Petitioner's detention.

A.      **Federal Habeas Practice Supports Amending the Factual Returns.**

Although *Boumediene v. Bush* explicitly "[did] not hold" that constitutional habeas proceedings for wartime status determinations must duplicate proceedings under modern statutory habeas practice, *see* 128 S. Ct. at 2267, 2274,[4] it is nonetheless worth noting that the habeas statute permits amendment of previously filed factual returns. *See* 28 U.S.C. § 2243 ("The return . . . may be amended, by leave of court, before or after being filed."). This rule is consistent with Federal Rule of Civil Procedure 15(a)(2), made applicable to statutory habeas practice in certain circumstances by 28 U.S.C. § 2242; Federal Rule of Civil Procedure 81(a)(4); and Habeas Rule 11, which liberally allows amendments to pleadings with "leave of court" at any time during the course of a proceeding. *See* Fed. R. Civ. P. 15(a)(2).

Rule 15(a) instructs courts to "freely give leave when justice . . . requires" that an amendment be made to a pleading. Fed. R. Civ. P. 15(a); *Kreiger v. United States Dep't of Justice*, 529 F. Supp. 2d 29, 39 (D.D.C. 2008). Although the grant or denial of leave to amend is committed to the sound discretion of the trial court, it is an abuse of discretion to deny leave to amend unless there are sufficient reasons such as undue delay, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996).

---

[4] As Justice Souter's concurrence in *Boumediene* noted, by virtue of the Military Commissions Act's withdrawal of statutory habeas jurisdiction in the Guantanamo cases, the habeas review that is available to Guantanamo detainees is only what the Constitution requires or "nothing at all." 128 S. Ct. at 2278 (Souter, J., concurring).

The non-moving party bears the burden of persuading the court that it would be prejudiced by the proposed amendment or that one of the other factors set forth in *Foman* are present. *Lover v. District of Columbia*, 248 F.R.D. 319, 322 (D.D.C. 2008) (citing *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)).

Constitutional habeas proceedings should accord Respondents no less of an opportunity than statutory habeas proceedings to update and amend the factual returns to facilitate the Court's review of the lawfulness of Petitioner's current detention. "[T]o accurately determine whether continued detention is lawful, a habeas court must have a full and complete record containing all of the facts that bear on the legality of a petitioner's detention." *In re: Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C. Nov. 7, 2008) (Dkt. No. 65) (order permitting the Government to amend factual returns filed prior to the *Boumediene* decision to include evidence that was not before the Combatant Status Review Tribunal ("CSRT")). *Cf. Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965) (explaining in a case where a state government had not filed its return within the time specified by statute, "[i]t is readily apparent that a *full and complete* return made in the first instance will in fact hasten a final determination on the merits").

Respondents' purpose in submitting these newly identified exhibits is to ensure that the Court has before it a complete and current record explaining the bases for Petitioner's detention in this case. By permitting Respondents to amend the factual returns in this case to include newly identified evidence discovered in the course of reviewing a broad spectrum of documents in search of exculpatory evidence and evidence bearing on circumstances of detention and interrogation, the Court will have before it the most current and appropriate evidence supporting Petitioner's detention.

4

Further, granting Respondents leave to amend the returns will not prejudice Petitioner. Exculpatory and circumstances searches pursuant to Sections I.D.1 and I.E.1, in accordance with this Court's Order of May 11, 2009, are completed for the documents that are the subject of this motion. Moreover, the evidentiary record in this case is still being developed as Petitioner's counsel only recently supplemented his Traverse to include a forthcoming declaration attesting to alleged coercive tactics by the government. Thus, it is difficult to conceive how Petitioner would be prejudiced by the addition of these documents.

The Court should heed the liberal policy of granting requests for leave to amend, applicable in the context of civil actions and statutory habeas and no less applicable in these novel habeas cases, and permit Respondents to amend the factual return of Petitioner to include the evidence supporting Petitioner's detention discovered during the Court-mandated discovery searches.

**B.     Leave to Amend Is Fundamentally Fair and in the Public Interest.**

In *Boumediene*, the Supreme Court noted a petitioner's right to present evidence that had not been included in the CSRT record. *See* 128 S. Ct. at 2267-74. Indeed, the Court's central criticism of appellate judicial review under the Detainee Treatment Act of 2005, Pub. L. No. 109-148 was that such review made no provision for "newly discovered evidence that could not have been made part of the CSRT record because it was unavailable to either the Government or the detainee when the CSRT made its findings." *Id*. at 2273. This Court provided a mechanism by which the petitioners could obtain additional information not contained in the CSRT records by requiring Respondents to search through a broad universe of information for exculpatory information separate and distinct from the universe of information they reviewed while preparing the factual returns. Fundamental fairness demands that Respondents have the same opportunity

5

as Petitioner to present to the Court the fruits of that search, which represent the most current evidence justifying the detention of Petitioner.

Leave to amend is also in the public interest. The Court in *Boumediene* noted that "[i]n considering both the procedural and substantive standards used to impose detention to prevent acts of terrorism, proper deference must be accorded to the political branches." 128 S. Ct. at 2276-77. And as Chief Justice Roberts explained in dissent, District Court judges "will have to reconcile review of the petitioners' detention with the undoubted need to protect the American people from the terrorist threat." *Id.* at 2280. Because the central purpose of these *habeas* proceedings is to test the legality of Executive detention, the Court should have before it the most up-to-date explanation of the basis for Petitioner's detention and appropriate supporting evidence proffered by Respondents in their determination of the legality of the detention.

## CONCLUSION

For the reasons set forth above, the Court should permit Respondents to amend the factual return for Petitioner as submitted in the classified supplement to this motion.

Date: September 16, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

TERRY M. HENRY
JAMES J. GILLIGAN
Assistant Branch Director

  *s/ Ryan G. Lee*
ANDREW I. WARDEN
KATHRYN C. MASON (DC Bar No. 985055)
RYAN G. LEE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20530

Tel: 202-305-8900
Fax: 202-616-8470
ryan.lee2@usdoj.gov

*Attorneys for Respondents*