**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
**SUHAIL ABDU ANAM, et al.,**                )
          *Petitioners*,                             )
                                                          )
**v.**                                                     )          Civil Action No. 04-cv-1194 (TFH)
                                                          )
                                                          )
**BARACK H. OBAMA, et al.,**                )
          *Respondents.*                            )
_____)

### OPPOSITION TO EMERGENCY MOTION OF
### PETITIONER MUSA'AB OMAR AL MADHWANI

     The March 26, 2013 Emergency Motion of Petitioner Musa'ab Omar Al Madhwani

presents no emergency that requires this Court's attention. Petitioner has unlimited access to

potable water, and the temperature of his cell has been routinely maintained at a reasonable

temperature between 70 and 80 degrees.  As Petitioner has not properly raised a claim for relief

falling within this Court's jurisdiction, the Court should deny Petitioner's Emergency Motion.

### FACTUAL BACKGROUND

     Based on a telephone call between Petitioner and his counsel on March 25, 2013, counsel

allege in this Emergency Motion that Petitioner has been denied bottled water, Mot. ¶ 6.c; that

the tap water in Petitioner's detention camp is non-potable, *id.*; that Respondents have

intentionally lowered the temperature in the camp, *id.* ¶ 6.e; and that Respondents are not

providing sufficient clothing to Petitioner to keep him warm, *see id.* ¶ 6.e and 11.  On the basis

of these allegations, Petitioner seeks a judicial order that he be supplied with bottled water, that

he be provided "adequate" clothing, and that the temperature in his camp be maintained at an

"appropriate" setting.  Other than reporting the content of counsel's telephonic communication

with Petitioner, via an interpreter, Petitioner has provided no evidence to support any of these

allegations.  As explained below and made clear in the attached Declaration of Colonel John V.

Bogdan, the Joint Detention Group Commander of Joint Task Force-Guantanamo (JTF-GTMO),[1]

Petitioner's allegations are false.

## I.      Petitioner has unlimited access to potable water.

All detainees at Guantanamo Bay have unlimited access to potable drinking water from

the taps of the sinks within their individual cells and on the detention blocks.  *See* Decl. of Col.

Bodgan ¶ 3.    The water is checked monthly in each camp by personnel from the Joint Medical

Group to ensure that it is potable.  *Id.*  This water originates from the base desalinization plant

and is the same tap water that runs throughout the entire base at Guantanamo Bay.  *Id.*  It is the

same water that is provided to all work spaces and residences on the Naval Station for use by all

military members, civilian personnel, and their dependents stationed at Guantanamo.  *Id.*

## II.     Petitioner has not been denied bottled water.

Bottled water is provided, upon request, to all Guantanamo detainees.  *See* Decl. of Col.

Bodgan ¶ 4.  Detainees housed in Petitioner's cell block have access to cases of bottled water

that are kept on the block, and should that water run out, the detainees can request more.  *Id.*

Petitioner has not been denied bottled water during the time period in question in Petitioner's

Emergency Motion.  *Id.*

## III.    The temperature in Petitioner's cell has not been inappropriately manipulated.

The temperature in Petitioner's cell block is maintained between 70-80 degrees

Fahrenheit.  Decl. of Col. Bogdan ¶ 5.  The temperature is regulated by automated thermostats

that are regularly checked and serviced by heating, ventilation, and air conditioning contract

---

[1] Colonel Bogdan is responsible for all aspects of detention operations at JTF-GTMO and is familiar with all areas of detention within JTF-GTMO, including the conditions and operational policies and procedures of the various detention areas.  See Decl. of Col. Bogdan at ¶ 1.

professionals.  *Id*.  Cell temperature manipulation is not an authorized disciplinary measure and is not used for such purposes.  *Id*.  Petitioner has not complained to camp staff in the last week about the current temperature.  *Id*.  Thus, Petitioner's claim that the temperature of his cell has been made "extremely frigid" is inaccurate.

## IV.    **Petitioner receives appropriate clothing.**

Petitioner has not been denied appropriately warm clothing.  As noted above, the temperature in Petitioner's living area has not been inappropriately manipulated and is not "extremely frigid" as Petitioner alleges.  His cell block is routinely maintained at a reasonable temperature. *See* Decl. of Col. Bogdan ¶ 5.  Petitioner is currently issued the same type of clothing that he and other Guantanamo detainees have been issued for years.  *Id*. ¶ 6.    The current standard issue clothing given to Petitioner includes four uniform tops, four uniform bottoms, nine t-shirts, seven pairs of socks, and seven pairs of underwear.  Additionally, Petitioner is issued a blanket, pillowcase, and two sets of sheets.  *Id.*  Requests for additional clothing are assessed in light of potential operational concerns and medical necessity.  *Id.*  Petitioner, however, has not recently requested extra clothing or indicated any medical necessity that would warrant additional clothing.  *Id*.

## ARGUMENT

## I.   **PETITIONER'S EMERGENCY MOTION SHOULD BE DENIED AS FACTUALLY BASELESS**

Petitioner's four allegations are unsupported and now stand refuted: he has provided no evidence to support any of his allegations,[2] and Col. Bogdan's declaration shows that these

---

[2] Just prior to filing this response so that the Court could have the benefit of it for the telephone hearing scheduled for today, Petitioner filed five exhibits purporting to support his motion.  A quick review of those exhibits indicates that they have not altered the conclusion that this Emergency Motion should be denied as factually deficient.

allegations are false.  As Respondents' evidence establishes, (1) Petitioner has not been denied bottled water; (2) the water available in his cell is potable, coming from the identical source that serves the entire Guantanamo Naval Station community for drinking and other uses; (3) the temperature in his cell and cell block are automatically maintained at appropriate settings; and (4) Petitioner has adequate clothing for the circumstances.  The unsupported allegations underlying the Emergency Motion being false, the Court has no basis upon which to grant the relief requested in Petitioner's Emergency Motion.

## II.      THE COURT LACKS JURISDICTION OVER PETITIONER'S EMERGENCY MOTION

As explained above, Petitioner is factually wrong: he is not being denied potable water, nor has the temperature in his living quarters been significantly lowered.  But procedurally petitioner is also wrong, for by statute this Court lacks jurisdiction to adjudicate a conditions-of-confinement complaint in this habeas case.

Section 7 of the Military Commission Act of 2006 ("MCA") bars the substantive relief Petitioner seeks. Through Section 7 of the MCA, codified in 28 U.S.C. § 2241(e)(1) and (2), Congress limited the claims that may be brought by persons classified and detained as enemy combatants.  Section 2241(e)(1) addresses applications for the writ of habeas corpus, while Section 2241(e)(2) provides:

> [N]o court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant.

28 U.S.C. § 2241(e)(2).  Consequently, as the three requests in Petitioner's Emergency Motion – for the provision of bottled water and "adequate" clothing and for the maintenance of an

"appropriate" cell temperature – deal solely with his conditions of confinement, they are barred by section 2241(e)(2).

The D.C. Circuit has applied Section 2241(e)(2) to reject conditions-of-confinement claims by Guantanamo Bay detainees. *Al-Zahrani v. Rodriguez,* 616 F.3d 315, 318-19 (D.C. Cir. 2012) (upholding the continuing applicability of the section 2241(e)(2) bar to "our jurisdiction over 'treatment' cases"). And Section 2241(e)(2) has been applied universally in this District to bar conditions-of-confinement claims. *See, e.g., Al Janko v. Gates,* 831 F.Supp.2d 272, 280 n.12 (D.D.C. 2011) (Leon, J.) (holding that section 2241(e)(2) bars tort claims by a former detainee of Guantanamo Bay); *In re Guantanamo Bay Litig.*, 577 F. Supp. 2d 312, 315-16 (D.D.C. 2008) (Hogan, J.) (section 2241(e)(2) bars demand for production of medical records and counsel's request to meet with military treating physicians regarding client's health); *Al Adahi v. Obama,* 596 F.Supp. 2d 111, 117-20 (D.D.C. 2009) (Kessler, J.) (section bars challenge to military's decisions regarding when and how to enterally feed hunger striking detainees); *In re Guantanamo Bay Litig.*, 570 F. Supp. 2d 13, 17-18 (D.D.C. 2008) (Urbina, J.) (section bars, in part, motion for injunction to move detainees to less restrictive camp).; *Khadr v. Bush*, 587 F. Supp. 2d 225, 234-37 (D.D.C. 2008) (Bates, J.) (section bars detainee's request to be transferred into a "rehabilitation and reintegration program"). Section 2241(e)(2) also bars Petitioner's conditions-of-confinement claims, for which reason, in addition to their lack of foundation in fact, they must be denied.[3]

---

[3] Furthermore, to the extent Petitioner's Emergency Motion is construed as seeking injunctive relief with respect to his conditions of confinement, Petitioner has the burden to establish a valid legal claim to the relief requested, *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 32-33 (2008), and irreparable harm of the sort that merits equitable relief, specifically: (1) that [he] will suffer irreparable injury if denied equitable relief; (2) that remedies available at law, such as monetary damages, would be inadequate; (3) that, considering the balance of hardships between the parties, an equitable remedy is warranted; and (4) that the public interest would not be disserved

by a permanent injunction. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).  Because Petitioner's requests for relief lack an appropriate foundation in fact, Petitioner has not made a showing he will suffer irreparable injury in the absence of such relief.  Further, Petitioner cannot demonstrate a valid legal claim in light of the Section 2241(e)(2).

## CONCLUSION

Petitioner has not been denied bottled water; has ready access to potable water; has not been subjected to "frigid" air temperatures; and has adequate clothing.  Accordingly, none of Petitioner's four rather startling allegations being true, the Emergency Motion is fatally flawed on the facts.  But it is also fatally flawed as a matter of procedure because this habeas action is not an appropriate proceeding to raise these conditions-of-confinement claims.  For either or both of these reasons, the Court should deny this Emergency Motion.

Dated:  March 28, 2013

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

TERRY M. HENRY
JAMES J. GILLIGAN
Assistant Branch Directors

/s/ *David P. Avila*
ANDREW I. WARDEN
RONALD WILTSIE
DAVID P. AVILA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:   (202) 305-9908
david.avila2@usdoj.gov