UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**IMAD ABDULLAH HASSAN,**

*Petitioner/Plaintiff*,

v.

**MERRILL COMMUNICATIONS, LLC,**

*Respondents/Defendants*.

Civil Action No. 04-1194 (TFH)

## ORDER

On July 18, 2014, this Court held a status conference on Petitioner's Motion For Order Requiring Immediate Disclosure Of Force Feeding Protocols [ECF No. 1022], Petitioner's Motion for Order Compelling Preservation of Evidence [ECF No. 1032], and Petitioner's Emergency Motion for Order Compelling Limited Discovery of Medical Records and Videotapes [ECF No. 1039]. Upon consideration of the entire record of this case, and for the reasons stated on the record, it is hereby

**ORDERED**, that Petitioner's Motion For Order Requiring Immediate Disclosure Of Force Feeding Protocols [ECF No. 1022] is **denied as moot** for the reasons stated on the record; and it is further

**ORDERED**, that Petitioner's Motion for Order Compelling Preservation of Evidence [ECF No. 1032] is **denied** for the reasons stated on the record; and it is further

**ORDERED**, that and Petitioner's Emergency Motion for Order Compelling Limited Discovery of Medical Records and Videotapes [ECF No. 1039] is **granted in part and denied in part**; and it is further

**ORDERED** that Government shall produce the five videotapes of Petitioner that show both Petioner's Forcible Cell Extractions and subsequent enteral feedings by **August 8, 2014**; and it is further

**ORDERED** that Government shall produce all of Petitioner's medical records for March 14, 2014 to July 18, 2014 by **August 8, 2014**; and it is further

**ORDERED** that Petitioner's request for medical records for the year 2013 is **denied**. Under § I.E.2 of the Case Management Order ("CMO"), all discovery requests must be "narrowly tailored" and "explain why the request, if granted, would be likely to produce evidence that demonstrates" that Petitioner is entitled to the relief sought. ECF No. [285]; *as amended by* Order, ECF No. [308]. In this case, Petitioner has asked for a preliminary injunction enjoining Respondents from "performing gratuitously painful practices in the force-feeding of" Petitioner. Motion for Preliminary Injunction, ECF. No [1001], at 34. Petitioner's historical medical records are at most indirect evidence that Respondent is carrying out Petitioner's enteral feeding in a manner which would entitle Petitioner to a preliminary injunction against Respondent's current enteral feeding practices. *See Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (noting that a plaintiff seeking a preliminary injunction must show, among other things, "that he is likely to suffer irreparable harm in the absence of preliminary relief.").[1] It is further

---

[1] At oral argument, Petitioner's counsel argued that Petitioner's 2013 medical records could show that the force-feeding protocols changed at the time of a mass hunger strike at Guantanamo Bay, leading to a decline in Petitioner's health. Though Petitioner's historical medical records may be relevant if this case reaches a trial on the merits, this Court will not require Respondent to produce it at the preliminary injunction stage. *Cf. Disability Rights Council of Greater Washington v. WMATA*, 234 F.R.D. 4, 7 (D.D.C. 2006) (noting that "courts traditionally permit" plaintiffs to secure only "limited discovery" during the pendency of a preliminary injunction motion).

**ORDERED**, that if Petitioner wishes to submit any additional requests for discovery for the preliminary injunction stage of the proceedings, such requests must be filed by **July 25, 2014**. All requests must be in conformity with the requirements of CMO § I.E.2. In addition, Petitioners should be mindful that further discovery requests, if granted, may lengthen the time before which the Court may reach the merits of Petitioner's Preliminary Injunction, including the question of whether Petioner has proved that his purported irreprerable injury is "*imminent, creating a clear and present need for extraordinary equitable relief to prevent harm.*" *GEO Specialty Chemicals, Inc. v. Husisian*, 923 F. Supp. 2d 143, 147 (D.D.C. 2013) (quoting *Power Mobility Coal. v. Leavitt*, 404 F.Supp.2d 190, 204 (D.D.C.2005) (emphasis is original)). It is further

**ORDERED**, that Respondents shall reply to any further discovery requests by **July 30, 2014**.

**SO ORDERED.**

July 21, 2014

_____
Thomas F. Hogan
Senior United States District Judge