# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IMAD ABDULLAH HASSAN,** *Petitioner/Plaintiff*, v. **BARACK H. OBAMA,** *et al.*, *Respondents/Defendants*. | Civil Action No. 04-1194 (TFH) |

## ORDER

On July 25, 2014, Petitioner filed a Motion for Limited Discovery in Aid of Application for Preliminary Injunction. [ECF No. 1062] ("Pet. Mot."). Petitioner seeks answers to written deposition questions from four individuals: Colonel John V. Bogdan, Joint Detention Group Commander of Joint Task Force Guantanamo between June 2012 and June 2014; a former Senior Medical Officer (SMO) at Guantanamo who held the position throughout 2013 until February 2014;[1] the current SMO; and General John F. Kelley, Commander of the U.S. Southern Command. *Id*. at 6-8. On July 30, 2014, respondent filed its Opposition. [ECF No. 1053]. Upon conderation of the parties' submissions and the entire record of this case, it is now

**ORDERED**, that Petitioner's Motion for Limited Discovery in Aid of Application for Preliminary Injunction is **denied**. This Court finds that, at least at the Preliminary Injunction stage of the proceedings, Petitioners have not met the requirements of the Case Management Order (CMO).

---

[1] The current and former Senior Medical Officers are not named in this public Order.

Section I.E.2 of the CMO requires that all discovery requests must be "narrowly tailored" and "explain why the request, if granted, would be likely to produce evidence that demonstrates" that Petitioner is entitled to the relief sought. Order, Nov. 6, 2008 [ECF No. 285]; *as amended by* Order, Dec. 16, 2008 [ECF No. 308]. Many of Petitioner's questions are extremely broad. *See, e.g.*, Pet. Ex. G, Questions for Current SMO, at 3 [ECF No. 1062-7] ("In your capacity as SMO, as anyone ever instructed you to do anything that you considered to be unethical or unlawful; and if so, what was it and did you refuse?"). The majority of the questions are not specific to Petitioner's conditions of confinement, but instead address general practices or incidents relating to other detainees. *See, e.g.*, Pet. Ex. F, Questions for Previous SMO, at 3 [ECF No. 1062-6] ("During your service as SMO, was any detainee enterally fed nutrient and/or water at a rate greater than 250 ml per 15 minutes?"). Though Petitioner purports to challenge "the force feeding procedures currently in place for Mr. Hassan *and others on hunger strike* at Guantanamo," Pet. Mot. at 2 (emphasis added), Petitioner only has standing to challenge the conditions of his own confinement—not that of other prisoners.

To the extent the questions do relate to Petitioner's current condition [2] or force-feeding practices as applied to him, Petitioner's request still does not satisfy the CMO. The questions concern information personally known to Petitioner and/or information contained in his already-disclosed medical records. *See, e.g.*, Pl. Ex. G ("Has Mr. Hassan been diagnosed with

---

[2] This Court has already found that Petitioner's historical health condition and previous medical records "are at most indirect evidence that Respondent is carrying out Petitioner's enteral feeding in a manner which would entitle Petitioner to a preliminary injunction against Respondent's current enteral feeding practices." Order at 2, July 21, 2014 [ECF No 1061].

2

pancreatitis; and if so, how as the condition been treated?"). Questions of this nature are not likely to produce any new evidence relevant for this stage of the proceedings.[3]

The Court does not now find that the answers to Petitioner's questions would be entirely irrelevant in full trial on the merits. However, the "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and is therefore often based on an incomplete record. *Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998) (quoting *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)). Discovery during the pendency of a preliminary injunction is correspondingly "limited." *Disability Rights Council of Greater Washington v. WMATA*, 234 F.R.D. 4, 7 (D.D.C. 2006); *see also* Local Rule of Civil Procedure 65.1(c) ("The application [for a preliminary injunction] shall be supported by all affidavits on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the court."). The discovery Petitioner is seeking does not justify delaying this case any longer. It is further

**ORDERED**, that a hearing on Petioner's Motion for a Preliminary Injunction [ECF No. 1001] shall be held on **August 27, 2014** at 10:30 AM in Courtroom 25A.

**SO ORDERED.**

August 1, 2014

_____
Thomas F. Hogan
Senior United States District Judge

---

[3] The Court is sympathetic to the unusually difficult task of acquiring evidence regarding conditions and practices at Guantanamo Bay. But it is somewhat puzzling that Petitioner's counsel has chosen to seek depositions of high level officials, who would have little or no personal knowledge of Petitioner's condition, instead of the individuals at Guantanamo Bay who personally treated and interacted with Petitioner.