# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KHALID AHMED QASSIM,** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| **v.** | )   **No. 04-cv-01194 (TFH)** |
| | ) |
| **DONALD J. TRUMP,** *et al.,* | ) |
| | ) |
| **Respondents.** | ) |
| _____ | ) |

## PETITIONER'S MOTION *IN LIMINE*

Petitioner Khalid Ahmed Qassim files this motion *in limine* to preclude respondents Donald J. Trump, *et al.* (the "government") from relying upon designated premises and categories of evidence to support his detention.  The reasons for this motion are set forth below.

## STATEMENT

Although the adjudication of the present petition will be on a stipulated record of facts, Qassim expects that the government will rely on certain premises and categories of evidence to support his ongoing detention.  Qassim submits that the government should be precluded from relying on those premises and categories of evidence.  Accordingly, Qassim requests a ruling from the Court that, in conducting its review of Qassim's petition, it will preclude the government from supporting its ongoing detention of Qassim on the basis of the premises and categories of evidence designated below.

Qassim requests a ruling from the Court that the Court's review of Qassim's petition will be conducted:

- without regard to the premise that "the due process clause does not apply to aliens without property or presence in the sovereign territory of the United States" (*Kiyemba v. Obama*, 555 F.3d 1022, 1026 (D.C. Cir. 2009), *vacated,* 559 U.S. 131 (2010), *and judgment reinstated as amended*, 605 F.3d 1046 (D.C. Cir. 2010);

- without relying on any evidence obtained through coercion, and without denying Qassim access to information necessary to assess whether evidence was obtained through coercion and present an argument for its exclusion;

- without allowing the government to rely on any evidence (i) that was not provided in advance and in writing to Qassim, (ii) that was not accompanied by the full disclosure of all information in the government's possession bearing on the weight, provenance, and accuracy of the evidence claimed to justify petitioner's detention, or (iii) as to which Qassim had no opportunity to confront and to rebut by testifying and by presenting witnesses and documentary evidence;

- without permitting hearsay evidence absent a threshold showing that it is the most reliable evidence available;

- without according any presumption that the terms or contents of a document upon which the government relies are accurate (*Latif v. Obama*, 667 F.3d 1175, 1179-1182 (D.C. Cir. 2011)); or

- without according any presumption that a document upon which the government relies accurately reflects the information received by military or government authorities from their non-governmental sources.

**ARGUMENT**

**A.  This Motion *in Limine* Appropriately Raises Evidentiary Issues**

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly contemplate motions *in limine*, the practice of allowing such motions has developed and been accepted over time pursuant to the district court's inherent authority to manage trials and other evidentiary proceedings.  *Luce v. United States*, 469 U.S. 38, 41 n. 4; *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011).  A motion *in limine* may not be used to resolve factual disputes or as a vehicle for a party to ask the court to weigh the sufficiency of the evidence.  *Graves*, 850 F. Supp. 2d at 10-11.  "Rather, parties should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced" at the trial or other evidentiary proceeding.  *Id*. at 11; *accord, e.g., Stehn v. Cody*, 74 F. Supp. 3d 140, 144 (D.D.C. 2014).  A motion *in limine* is procedurally appropriate even if its grant "would function as a dispositive motion, preventing [the non-movant] from presenting any of his claims to a jury."  *Johnson v. Williams*, 584 F. Supp. 2d 97, 101 (D.D.C. 2008).

Qassim's motion *in limine* appropriately raises the issues of whether the government may rely on certain premises and categories of evidence to support his ongoing detention.  These are evidentiary issues, touching upon what documents the government should be allowed to present for consideration by the Court on Qassim's *habeas corpus* petition.  Qassim maintains that, as a matter of constitutional law – specifically, the Due Process Clause – the Court should not permit the government to rely on the above designated premises and categories of evidence.  Although the grant in full of Qassim's motion would prevent the government from presenting many of its claims purporting to justify Qassim's ongoing detention, that does not render Qassim's motion "procedurally inappropriate."  *Johnson*, 584 F.Supp.2d at 101.

**B.  The Court Should Grant Qassim's Motion Under the Due Process Clause**

Each of the rulings that Qassim requests in this motion rests on the Due Process Clause. Even if "the due process clause does not apply to aliens without property or presence in the sovereign territory of the United States"(*Kiyemba*, 555 F.3d at 1026), this rule cannot be applied to the detainees at the U.S. Naval Base, Guantanamo Bay, Cuba, such as Qassim.  In *Boumediene v. Bush*, 553 U.S. 723, 769 (2008), the Supreme Court rejected the government's territorial rationale for not applying the Constitution at Guantanamo, holding that the detainees who were brought there involuntarily were entitled under the Constitution to seek *habeas corpus* relief because "[i]n every practical sense Guantanamo is not abroad; it is within the constant jurisdiction of the United States."  *See also Kiyemba*, 555 F.3d at 1038 (Rogers, J., concurring) (quoting *Boumediene*, 553 U.S. at 769).

The Supreme Court also made clear in *Boumediene* that the *habeas* relief to which the Guantanamo detainees are entitled must be "constitutionally adequate."  *Boumediene*, 553 U.S. at 779.  The detainees must be accorded a "meaningful opportunity" to challenge their detention. *Id*.  Without precisely defining that term, the Supreme Court noted that, even if Congress legislated a substitute procedure for *habeas corpus* that "satisf[ied] due process standards," *id*. at 785, that would not end its inquiry as to the adequacy of such a procedure.  Fairly read, *Boumediene* stands for the proposition that, at a minimum, Guantanamo detainees are entitled to the procedural protections of the Due Process Clause in petitioning for *habeas corpus* relief.

Although there is no justification for categorically denying the application of the Due Process Clause to Guantanamo detainees in *habeas corpus* proceedings, due process is a flexible concept, and it requires no more than what is warranted under the circumstances.  At the very least, Guantanamo detainees such as Qassim should be granted the roster of procedural

protections which *Morrisey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) given to persons charged with probation or parole violations.  *See also Sprecht v. Patterson*, 386 U.S. 605, 610 (1967) (due process rights given to convicted defendants in recidivist-sentencing proceedings).

Thus, Qassim should be entitled to "(a) written notice of the claimed [allegations]; (b) disclosure . . . of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; [and] (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."  *Morrisey*, 408 U.S. at 489.  Moreover, the Due Process Clause prohibits the government from using evidence obtained from Qassim by coercive measures to support his detention.  *Chavez v. Martinez*, 538 U.S. 760, 774 (2003).  It also prohibits the government from denying Qassim the informational tools necessary to determine if coercive measures were used. As the Supreme Court held in *Boumediene*:

> for the writ of habeas corpus, or its substitute, to function as an effective and proper remedy in this context, the court that conducts the habeas proceeding must have the means to correct errors that occurred during [earlier] proceedings.  This includes some authority to assess the sufficiency of the Government's evidence against the detainee.  It also must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the earlier proceeding.  Federal habeas petitioners long have had the means to supplement the record on review, even in the post conviction habeas setting. . . . Here that opportunity is constitutionally required.

555 U.S. at 786.  Disclosure of, and Qassim's access to, information that would effectuate these ends is a necessary corollary of this constitutional requirement.

Finally, as the Supreme Court recognized in *Hamdi v. Rumsfeld*, 542 U.S. 507, 524-525 (2004), although the Due Process Clause would not be offended by allowing the government to use hearsay evidence given the exigencies of an ongoing military conflict,

that does not mean the government should be granted *carte blanche* to rely on hearsay as a matter of course.  The government should be required to make a good faith showing, by declaration or otherwise, that hearsay is the most reliable evidence available.

Based on these principles, the Court should grant Qassim's motion *in limine*.  It should issue a ruling that (i) the government may not present, and the Court may not consider, evidence obtained through coercion or evidence for which Qassim has not been provided access to information necessary to assess whether the evidence proffered by the government was obtained through coercion; (ii) the government may not present, and the Court may not consider, any evidence that was not provided in advance and in writing to Qassim, was not accompanied by the full disclosure of all information bearing on the weight, provenance, and accuracy of that evidence, or as to which Qassim had no opportunity to confront and rebut;[1] (iii) the government may not present hearsay evidence absent a threshold showing that it is the most reliable evidence available, (iv) the government may not be accorded any presumption that the terms or contents of a document upon which it relies are accurate; and (v) the government may not be accorded any presumption that a document upon which it relies accurately reflects the information received by it from non-governmental sources.  Such a ruling would be consistent with the applicable requirements of the Due Process Clause.

---

[1] In this respect, Qassim notes that some of the evidence upon which the government relies to support its ongoing detention of him consists of documents that are redacted in part or in full, which have not been seen or read by Qassim or his counsel.  It also includes at least one document which the government provided to Qassim's counsel very recently and apparently was missing from the factual record previously provided by the government to Qassim's counsel.  Due process requires a timely disclosure of all the evidence against Qassim and a fair opportunity to challenge and rebut such evidence.

## CONCLUSION

For the foregoing reasons, petitioner respectfully requests that the Court grant his motion *in limine*.

Respectfully submitted,

/s/ Thomas B.Wilner

| | |
|---|---|
| Clive Stafford Smith | Thomas B. Wilner |
| Shelby Sullivan-Bennis | Neil H. Koslowe |
| Reprieve US | Kimberly Ferguson |
| 405 Lexington Avenue, Suite 62 | Shearman & Sterling, LLP |
| New York, NY 10174 | 401 9th Street, N.W., Suite 800 |
| Telephone: 401-885-4214 | Washington, DC 20004 |
| E-mail: clive.stafford.smith@reprieve.org.uk | Telephone: 202-508-8050 |
| E-mail: shelby.sullivan-bennis@reprieve.org | E-mail: twilner@shearman.com |
| | E-mail: nkoslowe@potomaclaw.com |
| | E-mail: kimberly.ferguson@shearman.com |

*Attorneys for Petitioner Khalid Ahmed Qassim*

## CERTIFICATE OF SERVICE

I certify that today, February 14, 2018, I served the foregoing Petitioner's Motion *in Limine* on all parties by causing it to be filed with the Court's CM/ECF system, which automatically will generate a copy that is transmitted to counsel of record.

Neil H. Koslowe
Neil H. Koslowe
*Attorney.*