# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TOFIQ NASSER AWAD AL BIHANI (ISN 893), | : | Case Nos. |
| ABDU LATIF NASSER (ISN 244), | : | 04-cv-1194 (TFH) (ISN 569) |
| SHARQAWI AL HAJJ (ISN 1457), | : | 05-cv-764 (CKK) (ISN 244) |
| SANAD AL KAZIMI (ISN 1453), | : | 05-cv-1607 (RCL) (ISNs 1460, 1461) |
| SUHAIL AL SHARABI (ISN 569), | : | 05-cv-2386 (RBW) (ISNs 893, 1453) |
| ABDUL RABBANI (ISN 1460), | : | 08-cv-1440 (CKK) (ISN 10025) |
| AHMED RABBANI (ISN 1461), | : | 09-cv-745 (RCL) (ISN 1457) |
| ABDUL MALIK (ISN 10025), | : | |
| Petitioners, | : | |
| v. | : | |
| DONALD J. TRUMP, *et al.*, | : | |
| Respondents. | : | |

## PETITIONERS' MOTION FOR ORAL ARGUMENT ON MOTION FOR ORDER GRANTING WRIT OF HABEAS CORPUS

Pursuant to Fed. R. Civ. P. 7(b) and L. Civ. R. 7(f), Petitioners hereby move for oral argument on Petitioners' Motion for Order Granting Writ of Habeas Corpus, including a request for the Court to compel an appropriate government representative to appear and report on any updated policy concerning prisoners at Guantanamo, pursuant to Executive Order 13,823. The parties' briefing raises extraordinarily consequential legal issues that would greatly benefit from

oral argument before this Court. Oral argument in this matter will ensure that the Court's resolution of Petitioners' Motion is based on a complete presentation of the parties' arguments, which involve profound issues of a constitutional dimension. Petitioners have conferred with the government, whose position is that Respondents do not see a need for oral argument, but will defer to the Court's wishes on the matter. Respondents do object to the extent Petitioners' request seeks to direct the content of Respondents' oral argument. Should Petitioners' motion be granted, Petitioners request that oral argument be scheduled on a mutually convenient date for the Court and the parties.

## BACKGROUND

On January 11, 2018, Petitioners, Muslim men who continue to be detained at Guantanamo without charge, filed a Motion for Order Granting Writ of Habeas Corpus. Petitioners contend that their ongoing perpetual detention is in violation of the Due Process Clause and exceeds the Executive's authority under the Authorization for Use of Military Force ("AUMF"), Pub. L. 107-40, § 2(a), 115 Stat. 224, 224 (2001). *See* Pet'r Mot. at 2-4. On January 18, 2018, Petitioners' Motion was referred to Judge Hogan for resolution.[1] *See* Minute Order, Jan. 18, 2018. The government's Opposition to Petitioners' Motion, filed on February 16, 2018, avers that Petitioners' detention is lawful under the AUMF and does not violate due process. *See* Gov't Opp. at 10, 32. Petitioners filed a Reply on March 9, 2018. On March 23, 2018, Judge Leon heard oral argument on the same motion in the case of *Ali v. Trump*, No. 10-cv-1020 (D.D.C.) (RJL).

## ARGUMENT

---

[1] Hani Saleh Rashid Abdullah (ISN 841), No. 05-cv-23 (EGS); Abdul Razak Ali (ISN 685), 10-cv-1020 (RJL); and Abu Zubaydah (ISN 10016), 08-cv-1360 (EGS), filed the same motion as Petitioners on January 11, 2018. Resolution of the motion for these petitioners remains before Judges Leon and Sullivan.

2

Petitioners' Motion and the government's Opposition raise legal issues of paramount importance, including the durational limits that the Due Process Clause and the AUMF place on the Executive's detention authority at Guantanamo. *See* Pet'r Reply at 7, 15. Given the novelty and complexity of the legal issues involved, which could not be more consequential for Petitioners, the Court's consideration of the issues would greatly benefit from the further airing of arguments on both sides.

Whether to grant oral argument on a motion is within the Court's discretion. *See* L. Civ. R. 7(f); *accord Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 126 (D.D.C.2011). A court may deny a motion for oral argument where it finds that "holding oral argument would not be of assistance in rendering a decision." *Crummey v. Soc. Sec. Admin.*, 857 F. Supp. 2d 117, 118 (D.D.C. 2012). Often, such cases are "completely straightforward and amenable to resolution on the papers." *Owen-Williams*, 797 F. Supp. 2d at 126; *cf. United States v. Baber*, 447 F.2d 1267, 1270–71 (D.C. Cir. 1971) ("We do not derogate the importance that oral argument may have in many, perhaps most, cases; but there are cases in which it is reasonably certain from the record and the briefs of the parties that no useful purpose would be served by devoting the court's time and that of both [parties'] counsel to an oral hearing.").

However, this Court regularly grants oral argument in exceptional cases, including when it has been "[m]indful of the importance of" particular suits "rais[ing] concerns about the actions of the Executive Branch." *Rasul v. Bush*, 215 F. Supp. 2d 55, 59 (D.D.C. 2002) (Executive Branch's power to detain enemy combatants); *see, e.g.*, *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 101 (D.D.C. 2012) (political question doctrine and *Bivens*); *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 156 (D.D.C. 2004) (Executive Branch's power to detain enemy combatants); *Friends of the Earth, Inc. v. Weinberger*, 562 F. Supp. 265, 267 (D.D.C. 1983) (political question

3

doctrine). This Court has also regularly held oral argument in cases implicating national security, where the issues are of great consequence and require robust adversarial deliberation. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 220 (D.D.C. 2009) (FOIA case involving exposure of CIA operative); *CSX Transp., Inc. v. Williams*, No. Civ. A. 05-338, 2005 WL 902130, at *1 (D.D.C. Apr. 18, 2005) (case "involv[ing] longstanding principles of federalism applied to one of the government's newest and most important roles—protecting our Nation from the threat of terrorism"); *Crockett v. Reagan*, 558 F. Supp. 893, 896 (D.D.C. 1982) (suit filed by members of Congress seeking declaratory judgment that actions of Executive Branch violated War Powers Resolution and Foreign Assistance Act).

As discussed in the parties' briefs, resolution of Petitioners' Motion requires consideration of critical issues concerning executive power, the role of the judiciary, the laws of war, and the most fundamental guarantees of the Constitution, including the right to due process and habeas corpus. Petitioners submit that an opportunity for the Court to further examine and engage with the parties' arguments would indeed be "of assistance" to the Court "in rendering a decision," *Crummey*, 857 F. Supp. 2d at 118.

In addition, Petitioners respectfully request that the Court require an appropriate government representative to appear before this Court at oral argument to report on any updated policy concerning detainees currently at Guantanamo. Pursuant to Executive Order 13,823, issued on January 30, 2018, the Secretary of Defense was required, within 90 days of the date of the Order, to "recommend policies to the President regarding the disposition of individuals captured in connection with an armed conflict." Sec. 2(d). While the Pentagon has reported that the Defense Secretary recently sent the White House an "updated policy" governing the criteria for transfer of individuals to Guantanamo, *see* Rebecca Kheel, *Mattis offers new criteria for*

*sending inmates to Guantanamo*, The Hill, May 2, 2018, http://thehill.com/policy/defense/385868-mattis-delivers-guantanamo-guidance-to-white-house, the new policy has not been made public, and Petitioners do not know whether it addresses the current detainee population in any manner. With respect to Guantanamo generally, Secretary Mattis has publicly said only, "right now I'm not working that issue," *id.*, highlighting that Petitioners' status quo—continuing indefinite detention, including of Petitioners cleared for transfer—will remain unchanged absent judicial intervention.

## CONCLUSION

For the reasons stated above, Petitioners respectfully request that the Court grant oral argument on Petitioners' Motion for Order Granting Writ of Habeas Corpus, and schedule argument on a mutually convenient date for the Court and the parties. Petitioners request that the Court compel an appropriate government representative to appear at oral argument and address any updated policy concerning Petitioners.

Dated: May 4, 2018                       Respectfully submitted,

/s/ Darold W. Killmer
Darold W. Killmer
Mari Newman
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street
Suite 400
Denver, CO 80202
(303) 571-1000
Fax: (303) 571-1001
dkillmer@killmerlane.com
mnewman@killmerlane.com

*Counsel for Petitioner Suhail Abdu Anam Sharabi (ISN 569), Case No. 04-cv-1194 (UNA)*

5

/s/ George M. Clarke III
George M. Clarke III, DC Bar No. 480073
815 Connecticut Avenue, N.W.
Washington, DC 20006
Phone: (202) 835-6184
Fax: (202) 416-7184
Email: george.clarke@bakermckenzie.com

REPRIEVE
Clive Stafford-Smith
Shelby Sullivan-Bennis
PO Box 3627
New York, NY 10163
(929) 376-8446
clive@reprieve.org.uk
shelby@reprieve.org

*Counsel for Petitioner Tofiq Nasser Awad Al Bihani (ISN 893), Case No. 05-cv-2386 (RBW)*

/s/ Thomas A. Durkin
Thomas Anthony Durkin (IL. Bar No. 697966)
Robin V. Waters (IL. Bar No. 6317340)
DURKIN & ROBERTS
2446 N. Clark St.
Chicago, IL 60614
(312) 913-9300
tdurkin@durkinroberts.com
rwaters@durkinroberts.com

REPRIEVE
Clive Stafford-Smith
Shelby Sullivan-Bennis
PO Box 3627
New York, NY 10163
(929) 376-8446
clive@reprieve.org.uk
shelby@reprieve.org

*Counsel for Petitioner Abdul Latif Mohammed Nasser (ISN 244), Case No. 05-cv-764 (CKK)*

/s/ Pardiss Kebriaei
Baher Azmy (Pursuant to LCvR 83.2(g))
Pardiss Kebriaei (Pursuant to LCvR 83.2(g))

J. Wells Dixon (Pursuant to LCvR 83.2(g))
Shayana D. Kadidal (D.D.C. Bar No. 454248)
Omar A. Farah (Pursuant to LCvR 83.2(g))
Noor Zafar (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel:  (212) 614-6452
Fax:  (212) 614-6499
pkebriaei@ccrjustice.org
bazmy@ccrjustice.org
skadidal@ccrjustice.org
wdixon@ccrjustice.org
ofarah@ccrjustice.org

*Counsel for Petitioner Sharqawi Abdu Ali Al-Hajj (ISN 1457), Case No. 09-cv-745 (RCL)*

/s/ Martha Rayner
Martha Rayner
Clinical Associate Professor of Law
Fordham University School of Law
150 West 62nd Street, 9th Floor
New York, New York 10023
mrayner@lsls.fordham.edu
212-636-6941

*Counsel for Petitioner Sanad Ali Yislam Al-Kazimi (ISN 1453), Case No. 05-cv-2386 (RBW)*

/s/ Agnieszka M. Fryszman
John R. Holland
Anna Holland Edwards
Erica T. Grossman
HOLLAND, HOLLAND EDWARDS & GROSSMAN, P.C.
1437 High Street
Denver, CO 80218
Tel: (303) 860-1331
john@hheglaw.com
anna@hheglaw.com
erica@hheglaw.com

Agnieszka M. Fryszman, DC Bar No. 459208
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.

East Tower, Suite 500
Washington, DC  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
afryszman@cohenmilstein.com

*Counsel for Petitioner Abdul Raheem Rabbani (ISN 1460), Case No. 05-cv-1607 (RCL)*

/s/ Shelby Sullivan-Bennis
REPRIEVE
Clive Stafford-Smith
Shelby Sullivan-Bennis
PO Box 3627
New York, NY 10163
(929) 376-8446
clive@reprieve.org.uk
shelby@reprieve.org

*Counsel for Petitioner Ahmed Ghulam Rabbani (ISN 1461), Case No. 05-cv-1607 (RCL)*

/s/ Darin Thompson
Darin Thompson
Assistant Federal Public Defender
Office of the Federal Public Defender
Skylight Office Tower, Ste 750
1660 W. 2nd St., NW
Cleveland, Ohio 44113
(216) 522-4856
Fax: (216) 522-4321

REPRIEVE
Clive Stafford-Smith
Shelby Sullivan-Bennis
PO Box 3627
New York, NY 10163
(929) 376-8446
clive@reprieve.org.uk
shelby@reprieve.org

*Counsel for Petitioner Mohammed Abdulmalik (ISN 10025), Case No. 08-cv-1440 (CKK)*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2018, I caused the Motion for Oral Argument to be filed with the Court and served on counsel for Respondents via the Court's CM/ECF system.


/s/ Jesse Askeland

Killmer, Lane & Newman, LLP