IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AHMED QASSIM, | ) |
| Petitioner | ) ) ) ) |
| v. | ) No. 04-cv-01194 (TFH) ) |
| DONALD J. TRUMP, *et al.*, | ) ) |
| Respondents. | ) ) |

### PETITIONER'S MOTION TO UN-REDACT

Petitioner Khalid Ahmed Qassim moves to un-redact redacted portions of paragraphs 75-76 and 91, as well as Exhibit 8, in the declassified Second Amended Factual Return the government has made available to Qassim. The motion is being filed pursuant to section I.E.2 of the Case Management Order, as amended; the opinion and judgment of the D.C. Circuit in the appeal in this case, *Qassim v. Trump*, 927 F.3d 522 (D.C. Cir.), *suggestion for rehearing en banc denied*, 938 F.2d 375 (2019); the government's representations to the D.C. Circuit in that appeal "that, were Qassim to pursue the available procedures, he might 'receive[ ] most or all of the information to which he … claims due process entitles him,'" (Gov't Br. at 14, 15); *Boumediene v. Bush*, 553 U.S. 723 (2008); and the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

1. The government has redacted information regarding Tora Bora from paragraphs 75-76 and 91, and Exhibit 8, in the declassified Second Amended Factual Return that is vital to Qassim's petition. There is no sufficient basis for these redactions.

The District of Columbia Circuit has made clear that the mere presence of a detainee in the vicinity of Tora Bora is strong evidence of his affiliation with al Qaeda and therefore can

substantially justify his detention.  For example, in *Uthman v. Obama*, 637 F.3d 400, 404 (D.C. Cir. 2011), the D.C. Circuit noted that it was "'widely known' that Tora Bora was a battleground between al Qaeda and the United States."  Because "'few, if any' noncombatants were near Tora Bora, it follows that most, if not all, of those in the vicinity of Tora Bora on December 15, 2001, were combatants."  *Id*.  In affirming this Court's denial of detainee Uthman's habeas corpus petition, the D.C. Circuit concluded that, "[i]n short, the fact that Uthman was captured in December 2001 near Tora Bora suggests that he was affiliated with al Qaeda."  *Id*.  *Accord, e.g., Al Odah v. United States*, 611 F.3d 8, 11, 16 (D.C. Circuit 2010).

In unredacted portions of the declassified Second Amended Factual Return the government is making available to Qassim, the government notes but rejects Qassim's innocent explanation for his presence in the vicinity of Tora Bora near the time of his capture.  However, the government has redacted from paragraphs 75-76 and 91, and Exhibit 8, the bases upon which it relies for this rejection.  The redacted information does not identify any specific government officials or any specific classified documents.

It is impossible for Qassim to refute the government's rejection of his innocent explanation for his presence at Tora Bora without having access to the factual information upon which that rejection is based.  Even in *Uthman*, the D.C. Circuit acknowledged that *some* noncombatants were present at Tora Bora, presumably for innocent reasons.  Qassim cannot prove he was among those innocent noncombatants without knowing and being able to confront the government's contrary evidence.

2.  In the appeal in this case, a unanimous panel of the D.C. Circuit ruled that the question of whether detainees at Guantánamo are entitled to due process procedural questions remains open, and that this Court should decide that question in the context of a particular discovery

2

dispute. *Qassim v. Trump*, 927 F.3d 522, 524, 532 (D.C. Cir. 2019). Although a divided panel of the D.C. Circuit subsequently issued a conflicting opinion purporting to hold that the Due Process Clause does not apply to Guantánamo detainees, *Al Hela v. Trump*, 972 F.3d 120, 147-48 (D.C. Cir. 2020), the general rule in this Circuit is that the earlier decision in *Qassim* must prevail. *FedEx Home Delivery v. NLRB*, 849 9F.3d 1123, 1127 n. 3 (D.C. Cir. 2017); *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011). Therefore, this Court can and should decide whether, under the Due Process Clause, the government must un-redact redacted portions of paragraphs 75-76 and 91, and Exhibit 8, in the declassified Second Amended Factual Return.

  3. As shown in briefs previously filed in this case, Qassim is entitled under the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. 723 (2008) and other precedents to have his habeas corpus petition adjudicated under the standards of the Due Process Clause. *See* ECF Dkt. No. 1131, Trial Brief for Khaled Ahmed Qassim (Feb. 22, 2018); ECF Dkt. No. 1162, Brief in Support of Motion to Modify Section 1 of Case Management Order as it Pertains to Petitioner's Case (Aug. 16, 2019); ECF Dkt. No. 1175, Amicus Brief (March 9, 2020). The Due Process Clause requires that detainees be permitted to confront evidence where feasible. *See Morrissey v. Brewer*, 408 U.S. 471, 488-489 (1972). That means Qassim is entitled to have access to and confront the evidence against him that the government has redacted from paragraphs 75-76 and 91, and Exhibit 8, in the declassified Second Amended Factual Return.

  Before *Boumediene* was decided by the Supreme Court, this Court, in a comprehensive and well-reasoned opinion, held that the Due Process Clause applies to the Guantánamo detainees. *In re Guantánamo Detainees Cases*, 355 F.Supp.2d 443, 453-464 (D.D.C. 2005), *vacated sub. nom. Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *reversed and remanded*, 553 U.S. 723 (2008). As the Supreme Court ultimately held, the D.C. Circuit erroneously

vacated that opinion when Congress purported to withdraw this Court's jurisdiction to hear habeas corpus petitions from Guantánamo detainees. The time now has come for this Court to restore its earlier opinion and apply the protections of the Due Process Clause to Qassim.

      4. The Court acknowledged earlier in this case that "the decision to disclose classified information is an Executive function," and that "the Court may not force the Executive" to disclose such information. Memorandum Opinion of July 10, 2009, at 8 (ECF Dkt. No. 522). However, the Court pointed out that, "[u]nder CIPA, if the government objects to the disclosure of material classified information and fails to provide a sufficient alternative, the district court may dismiss counts in the indictment, make findings against the government on any issues as to which the excluded classified information relates, or preclude part of a witness's testimony. *See* 18 U.S.C. App. III, § 6(e)(2). These remedies are likewise available to the Merits Judges in these proceedings." *Id*. at 11.

      The Court should order the government to un-redact the redacted information in paragraphs 75-76 and 91, and Exhibit 8, that is vital to Qassim's defense. But if the government

declines to do so or offer a sufficient alternative, Qassim respectfully submits that the Court should order his release from detention.

Dated: March 16, 2021

Respectfully Submitted,

/s/ Neil H. Koslowe

Anthony G. Amsterdam
University Professor Emeritus
New York University School of Law
295 Sullivan Street, 5th Floor
New York, NY 10012
Telephone: (212) 988-6632
E-mail: aa1@nyu.edu

*Of Counsel*

Thomas B. Wilner
Neil H. Koslowe
Shearman & Sterling LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Telephone: (202) 508-8050
E-mail: twilner@shearman.com
E-mail: nkoslowe@ptomaclaw.com

Shelby Sullivan-Bennis
Durkin & Roberts
2446 N. Clark Street
Chicago, IL 60614
Telephone: (401) 660-6538
E-mail: ssullivan@durkinroberts.com

*Counsel for Movant Khalid Ahmed Qassim*