IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AHMED QASSIM, | ) |
| Petitioner | ) ) ) ) |
| v. | ) No. 04-cv-01194 (TFH) |
| DONALD J. TRUMP, *et al.*, | ) ) ) |
| Respondents. | ) ) |

**PETITIONER'S MOTION FOR LEAVE TO AMEND HABEAS PETITION**

Petitioner Khalid Ahmed Qassim moves under 28 U.S.C. § 2242 and Fed. R. Civ. P. 15(a)(2) for leave to amend his petition for habeas corpus relief. Qassim filed his original petition on July 15, 2004 (ECF Dkt. No. 1) and he amended that petition on October 1, 2004 (ECF Dkt. No. 22) and on August 30, 2005 (ECF Dkt. No. 130). The reasons for this motion are as follows:

1. Qassim has been imprisoned by the United States Government at Guantánamo Bay since May 1, 2002.

2. Qassim has not been charged with engaging in or providing material support for terrorism or with any other crime. Rather, he is detained solely on the basis of the government's claim that, more than 19 years ago, he was part of or substantially supported military forces engaged in hostilities against United States troops in Afghanistan, a claim Qassim disputes.

3. As the Supreme Court concluded in its plurality opinion in *Hamdi v. Rumsfeld*, 542 U.S. 507, 518 (2004), because "individuals who fought against the United States in Afghanistan … are individuals Congress sought to target in passing the AUMF," the "detention of [those] individuals … for the duration of the particular conflict in which they were captured, is … an

exercise of the 'necessary and appropriate force' Congress has authorized the President to use." The opinion emphasized, however, that "[i]t is a clearly established principle of the law of war that detention may last no longer than active hostilities." *Id*. at 520.  Thus, individuals "'can be detained during an armed conflict, but the detaining country must release and repatriate them 'without delay after the cessation of active hostilities,' unless they are being lawfully prosecuted or have been lawfully convicted of crimes and are serving sentences.'" *Id*. at 520-521.  The detention of "enemy combatants" pursuant to the AUMF is permissible only "[i]f the record establishes that United States troops are still involved in active combat in Afghanistan, [and] those detentions are part of the exercise of 'necessary and appropriate force.'" *Id*. at 521.  The government has conceded that, "'given its unconventional nature, the current conflict is unlikely to end with a formal cease-fire agreement.'" *Id*. at 520.

4. On April 14, 2021, President Biden, in his capacity as Commander-in-Chief of the U.S. Military, proclaimed an end to the 20-year "forever war" the United States has fought against the Taliban and its confederates in Afghanistan.  The President announced that remaining U.S. troops in Afghanistan will begin to leave that country on May 1, 2021, and U.S. military withdrawal from Afghanistan will be complete on September 11, 2021.

5. According to a published report, Secretary of Defense Lloyd J. Austin III and General Mark A. Milley, Chairman of the Joint Chiefs of Staff "wanted to make certain" that President Biden was ordering "all American troops out of Afghanistan by Sept. 11, the 20[th] anniversary of the attacks on New York and the Pentagon."  General Milley was quoted by officials with knowledge of the meeting between them and President Biden in the Oval Office as saying: "'I take what you said as a decision, sir.'"  "'Is that correct, Mr. President?'"  President Biden reportedly replied that "it was."  Furthermore, President Biden reportedly told Secretary Austin

and General Milley that, "[t]here would be no conditions put on the withdrawal … cutting off the last thread – one that had worked with Mr. Trump – and that Mr. Austin and General Milley hoped could stave off a full drawdown. They were told, Zero meant zero." *Debating Exit, Biden Rejected Generals' View*, The New York Times, April 18, 2021, pp. 1, 11.

6. With the announced end to the involvement of United States troops in active combat in Afghanistan, there can no longer be any legal basis under the AUMF or otherwise for Qassim's detention by the United States.

7. Petitioner Qassim seeks leave to amend his petition for habeas corpus to allege the above as additional grounds for the grant of his petition.

Dated: April 19, 2021                                    Respectfully submitted,

                                                         /s/ Neil H. Koslowe
Anthony G. Amsterdam                                     Thomas B. Wilner
University Professor Emeritus                            Neil H. Koslowe
New York University School of Law                        Shearman & Sterling LLP
295 Sullivan Street, 5th Floor                           401 9th Street, N.W., Suite 800
New York, NY 10012                                       Washington, DC 20004
Telephone: (212) 988-6632                                Telephone: (202) 508-8050
E-mail: aa1@nyu.edu                                      E-mail: twilner@shearman.com
                                                         E-mail: nkoslowe@potomaclaw.com
*Of Counsel*
                                                         Shelby Sullivan-Bennis
                                                         Durkin & Roberts
                                                         2446 N. Clark Street
                                                         Chicago, IL 60614
                                                         Telephone: (401) 660-6538
                                                         E-mail: ssullivan@durkinroberts.com

                                                         *Counsel for Movant Khalid Ahmed Qassim*