IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AHMED QASSIM, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) No. 04-cv-01194 (TFH) |
| | ) |
| JOSEPH R. BIDEN, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**PETITIONER'S MOTION AND SUPPORTING BRIEF FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Petitioner Khalid Ahmed Qassim moves under Fed. R. Civ. P. 65 for a temporary restraining order and preliminarily injunction.[1] Qassim respectfully requests that the Court enjoin the government from (i) denying him the opportunity to meet with his counsel on either Saturday, November 13, 2021, or Sunday, November 14, 2021, to discuss on a privileged and confidential basis any aspect of this case or his PRB hearing now scheduled for Tuesday, November 16, 2021; (ii) denying him the opportunity to have confidential and privileged discussions with his counsel on Monday, November 15, 2021, regarding any aspect of this case or his upcoming PRB session without the presence of his government-appointed non-attorney "personal representative;" and (iii) denying his counsel Thomas B. Wilner the opportunity to depart from Guantánamo on the first military flight scheduled to leave Guantánamo after Qassim's PRB hearing on November 16, 2021. The reasons for this motion are given below.

---

[1] In accordance with LCvR 7(m), counsel for petitioner has conferred by e-mail with counsel for respondents, but the parties have not been able to resolve the issues raised by this motion. Petitioner assumes respondents will oppose it.

**STATEMENT**

As Qassim's counsel Thomas B. Wilner explained to the Court at the status conference on October 13, 2021, Qassim's PRB hearing has been advanced to Tuesday, November 16, 2021.  Until now Qassim and his counsel have been reluctant to participate in any PRB hearing because of concerns that the government may use statements made by detainees at PRB hearings against them in their habeas cases.  However, under the new Administration, some PRB hearings have resulted in decisions clearing the detainee for release, a necessary first step in the lengthy process followed by the Executive Branch to free Guantánamo detainees from incarceration.

As a result, Qassim wants to participate in his upcoming PRB hearing.  Mr. Wilner promised Qassim he would travel to Guantánamo and give Qassim the best, nuanced legal advice Mr. Wilner can offer with respect to the PRB hearing, this habeas proceeding, and the relationship between the two.

As Mr. Wilner informed the Court at the status conference, the government has erected barriers that severely impair Mr. Wilner's ability to provide such legal advice to Qassim.  Those barriers deny Qassim meaningful access to counsel.

<u>First</u>, when Mr. Wilner called Qassim by telephone, he was warned by the government call censors that he was not allowed to discuss with Qassim any aspect of the strategy of his upcoming PRB hearing.  When Mr. Wilner inquired about the source of this prohibition, the call censors did not identify any written source and simply laughed at Mr. Wilner.

<u>Second</u>, authorities at Guantánamo told Qassim's co-counsel, Mark Maher, that detainees' counsel cannot meet with detainees to discuss PRB-related matters on a privileged

and confidential basis outside the presence of their "personal representatives." These "personal representatives are non-attorney military personnel appointed by the government.

<u>Third</u>, at the present time, the only way detainees' counsel may get to or from Guantánamo is by military transport from or to the U.S. Naval Base at Jacksonville, Florida. As Mr. Wilner informed the Court, he was told that detainees' counsel are not permitted by the military to fly on the same flight as Military Commission personnel, and that therefore he would have to fly from Jacksonville on Friday, November 12, 2021, and could not return until Friday, November 19, 2021.

<u>Fourth</u>, Guantánamo authorities rejected Mr. Maher's request for a meeting with Qassim on either Saturday, November 13, 2021, or Sunday, November 14, 2021, to discuss PRB-related matters. They also rejected Mr. Maher's request for a meeting by Mr. Wilner and him with Qassim on those dates to discuss this habeas proceeding.

To the extent government counsel addressed Mr. Wilner's points at the status conference, government counsel cited an opinion by Judge Lamberth in *Salahi v. Obama*, Civil Action No. 05-0569 (RCL), 2015 WL 9216557 (D.D.C. Dec. 17, 2015). Government counsel represented that, in *Salahi*, Judge Lamberth held that this Court has no jurisdiction over PRB-related issues.

The Court said at the status conference that it would consider Mr. Wilner's claims if set forth in an appropriate motion for relief. Since then, Qassim's counsel have endeavored to reach an accommodation with the government that would allow Mr. Wilner to meet with Qassim on either Saturday, November 13, 2021, or Sunday, November 14, 2021, and to discuss in full confidence all aspects of Qassim's habeas case and upcoming PRB hearing.

On November 2, 2021, government counsel informed Qassim's counsel that the government again rejected the request by Mr. Wilner and Mr. Maher for a visit with Qassim during the weekend of November 13-14, 2021, prior to Qassim's PRB hearing. The government cited its policy that, "[r]equests for habeas visits … on weekends (Saturday and Sunday) … will not be approved absent exigent circumstances," and declared that "no such circumstances are involved here."[2]

## ARGUMENT

"To obtain a TRO, [Qassim] must show: (1) that he is likely to succeed on the merits of his claim; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in his favor; and (4) that a TRO is in the public interest." *D.A.M. v. Barr*, 486 F.Supp.3d 404, 411 (D.D.C. 2020). *Accord, e.g., Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). Qassim has satisfied this four-factor test, especially by showing irreparable harm.

### A. Qassim is Likely to Succeed on the Merits

Qassim is likely to prevail on the merits of his claims for meaningful access to counsel. Specifically, the Court is likely to hold that Qassim is entitled to meet with his counsel on the weekend of November 13/14, 2021; that his meetings with counsel can be held on a confidential and privileged basis outside the presence of his government-appointed non-attorney "personal representative;" and that his counsel should not have to remain at Guantánamo for a week to await military transport home.

From the time the Supreme Court held in *Rasul v. Bush*, 542 U.S. 466 (2004), that Guantánamo detainees have a right to habeas corpus, this Court has been vigilant in protecting

---

[2] E-mail dated November 2, 2021, from Kristina Wolfe to Neil H. Koslowe, annexed.

the detainees' corollary right of meaningful access to counsel. The Court established that right over the government's strenuous objections in *Al Odah v. United States*, 346 F.Supp.2d 1, 5-8 (D.D.C. 2004).[3] The Court in *Al Odah* also rejected the government's efforts to impair that access by monitoring detainees' conversations with counsel, ruling that the government's position "is both thinly supported and fails to fully consider the nature of the attorney-client privilege." *Id*. at 10.

Based on *Al Odah*, Qassim is entitled to meet with his counsel to have a confidential and privileged discussion about his habeas case and his upcoming PRB hearing outside the presence of his government-appointed non-attorney "personal representative." Contrary to government counsel's representation at the recent status conference, Judge Lamberth did ***not*** hold in *Salahi* that this Court lacks jurisdiction over all PRB-related issues. In *Salahi*, Judge Lamberth held that the Court had no jurisdiction over a detainee's claim that the Court should fix a specific date for his PRB hearing. *Salahi*, 2013 WL 9216557, at *1-3. That decision has no bearing on Qassim's right to discuss with his counsel, outside the presence of a government-appointed non-attorney "personal representative," all aspects of his habeas case, including the effect on that case of his participation in a PRB hearing.

The Court's decision in *In re Guantanamo Bay Detainee Continued Access to Counsel*, 892 F.Supp.2d 8 (D.D.C. 2012), also rendered by Judge Lamberth, supports Qassim's contention that the government's denial of his counsel's request to meet with him over the weekend of November 13/14, 2021, due to a lack of "exigent circumstances" cannot stand. The Court in that case firmly repulsed the government's claim that it had unbridled discretion to

---

[3] Counsel arguing for the detainees' right to meaningful access to counsel in *Al Odah* were undersigned counsel for Qassim, Mr. Wilner and Neil H. Koslowe.

grant or deny access to counsel by detainees whose habeas petitions had been withdrawn or denied.

The government argued that a protective order governing access to counsel that had been crafted by this Court could and should be replaced by a government-authored "memorandum of understanding." *In re Guantanamo Bay Detainee*, 892 F.Supp.2d at 13. Among other things, that memorandum gave "final and unreviewable discretion to the Commander, Joint Task Force-Guantanamo Bay" to "deny petitioners access to counsel whenever he deems the 'operational needs or logistical constraints' justify it." *Id*. at 18.

The Court held that the government's attempt to give the Commander of the Joint Task Force unbridled control over counsel in-person visits at Guantánamo usurped the Judiciary's duty to ensure the detainees meaningful access to the courts. *In re Guantanamo Detainee*, 892 F.Supp.2d at 18. "If the separation-of-powers means anything, it is that this country is not one ruled by Executive fiat. Such blanket, unreviewable power over counsel-access by the Executive does not comport with our constitutional system of government." *Id*. at 19. In other words, the government's attempt to deny counsel access due to "operational needs or logistical constraints" is circumscribed by separation-of-powers rules which this Court sits to enforce. As Judge Lamberth said: "[T]he Court simply cannot countenance placing the 'operational needs or logistical constraints" at Guantánamo ahead of detainees' constitutional right to access to counsel." *In re Guantanamo Detainee*, 892 F.Supp.2d at 24.

Similarly, the government's ritualistic invocation of "exigent circumstances" here flies in the face of obvious reality. As of July 21, 2021, the Joint Task Force at Guantánamo reportedly had 1800 military personnel guarding 40 detainees.[4] Surely the Joint Task Force has

---

[4] *See* pbs.org/newshour/extra/2021/08/7-things-for-students-to-know-about Guantanamo-bay/

the capacity to arrange for at least one weekend meeting on Saturday, November 13, 2021, or Sunday, November 14, 2021, for Qassim to meet with his counsel.

Finally, the Supreme Court's decision in *Procunier v. Martinez*, 416 U.S. 396 (1974) supports Qassim's contention that the government cannot force Mr. Wilner to remain at Guantánamo for a full week simply to provide him with the legal counsel he needs and deserves.  In *Procunier*, the Supreme Court struck a prison regulation that prohibited attorneys from using law students and other paraprofessionals for attorney-client interviews.  The Supreme Court pointed out that, "[t]he remoteness of many California penal institutions makes a personal visit to an inmate client a timeconsuming undertaking," and the challenged regulation "would deter some lawyers from representing prisons who could not afford to pay for their traveling time."  *Procunier*, 416 U.S. at 420.  The Supreme Court held that, "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."  *Id.* at 419.[5]  Therefore, the government cannot condition Qassim's access to Mr. Wilner on Mr. Wilner's remaining at Guantánamo for a full week.

B.  **Qassim is Facing Irreparable Harm**

Qassim's upcoming PRB hearing on Tuesday, November 16, 2021, may be his one and only chance to be cleared for release from Guantánamo after more than 19 years of imprisonment without charge.  It is difficult to imagine that he could face any greater irreparable harm at the critical moment than the denial of meaningful access to his counsel.

---

[5] In *Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court cut back on the holding of a different aspect of *Procunier* – one dealing with prisoners' First Amendment rights to receive publications – but not on the presently relevant *Procunier* holding regarding due process review of legal visitation rules that impede a prisoner's access to the courts.  *See Benjamin v. Fraser*, 264 F.3d 175 (2d Cir. 2001).

In *In re Guantanamo Bay Detainee,* 892 F.Supp.2d at 23, this Court, per Judge Lamberth, expressly held that governmental restrictions on a detainee's meaningful access to counsel is "an injury which the Court may rightfully redress using its equitable powers." Indeed, the District of Columbia Circuit repeatedly has held that 'a prospective violation of a constitutional right constitutes irreparable injury for … purposes of seeking equitable relief." *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020) (internal quotation marks and citations omitted).

The fact that Qassim is facing irreparable harm is sufficient, without more, to justify the grant of the temporary injunctive relief he seeks. As the Supreme Court stated in *Sampson v. Murray*, 415 U.S. 61, 87 (1974): "This Court has stated that '[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies'" (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959)).

**C.  The Balance of Equities and Public Interest Favor Qassim**

Where, as here, "the Government is the opposing party," the last two factors of the test for temporary injunctive relief, namely, "the balance of equities and public interest … merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Enforcement of an unconstitutional regulation "is always contrary to the public interest." *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013). Therefore, the balance of equities and public interest favor the grant of temporary injunctive relief to Qassim.

In sum, Qassim has satisfied the four-part test for a temporary restraining order and preliminary injunction. Accordingly, the Court should grant Qassim's motion.

Dated: November 4, 2021 Respectfully submitted,

/s/ *Neil H. Koslowe*
Thomas B. Wilner
Neil H. Koslowe
Shearman & Sterling, LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Telephone : 202-508-8050
E-mail: twilner@shearman.com
nkoslowe@potomaclaw.com

*Counsel for Petitioner Khalid Ahmed Qassim*